Bissell, P. J.,
delivered the opinion of the court.
The claim made by two constables to a stock of goods ■ under levies which thejr respectively asserted gave rise to this suit. The question is one of fact, and the right of the appellant, Flanagan, to maintain this replevin suit rests entirely upon the circumstances of his levy. In January, 1892, an attachment was issued out of a justice’s court in the case • of Bodwell, McCann & Company against E. McCann, and placed in the hands of Gravett, a special constable, for service. Gravett made his levy on the 13th and took possession *246 of the stock. Subsequently, another suit was brought before another, justice by Cornforth & Company against McCann, and therein the writ of attachment was given to the appellee, Newman, for levy and service. Newman went to the store with one Johnson, who seems to have been a representative of Cornforth & Company. When he arrived he found Gravett in possession, and thereupon Gravett and Newman arranged the matter of the custody of the stock. Gravett had with him no custodian, and it was suggested by Newman that his man Johnson be put in to hold for the parties. To this Gravett assented, and both the special constable and Newman turned their papers and the property over to Johnson for safe-keeping. Respecting the character and validity-of the levy made by Gravett, and the regularity and rightfulness of his possession, there is no dispute. At the time Johnson was put in charge, he stated to Gravett that his parties would pay off the Bodwell claim. To this Gravett assented and relinquished his possession, and Newman then took the stock under a levy which he could rightfully make. As a matter of fact this claim of Bodwell, McCann & Company was paid off and the suit dismissed, and Newman’s custodian remained in the possession which he took when Newman went there with him for the purposes of a levy. After these attachments were in the hands of the officers and after the levy had been made, attachments were issued from other justices’ courts in several cases, which, for convenience, may be designated as the “ Ziegler Cases.” These writs were given to Flanagan for levy and service. When Flanagan went to make his levy, he found the store in Johnson’s possession, and he thereupon delivered his writs to him. Johnson thus held the property for the benefit of the several parties as their rights should exist under these successive levies. After the dismissal of the Bodwell-McCann suit, and while the property was in the possession of Newman’s custodian, Flanagan went to the premises and assumed to determine as a matter of law that what Newman had done with respect to the matter constituted no levy and the custodian *247 was not rightfully in possession. He thereupon ejected him, put his custodian in, and attempted to assert a right prior to all the antecedent attachments, on the theory that he had made the only legitimate and rightful levy. He left one Parsons in charge of the property, and when Newman went up the ensuing morning to ascertain the condition of affairs Parsons attempted to keep him out. Newman ejected him and resumed possession. Subsequently Flanagan brought replevin against Newman to recover the property.
It is manifestly true that Flanagan could only maintain his suit on the theory that he had been wrongfully ousted b}r Newman. The resolution of this inquiry is one of fact, and is to he determined by finding out whether Newman was really in possession under a legitimate levy. It may be conceded, according to the earnest contention of counsel, that when one officer has levied on property another may not attempt to interfere with it, because it is in custodia legis. If it should be found that Flanagan held the goods after a legitimate levy, made at a time when the property was not under the control of another officer, Newman could not interfere with them and put Flanagan’s custodian out. The court below held the proof to show the facts to he otherwise, and we quite concur with the court in that conclusion. It is our judgment that Newman was in possession by his custodian after a valid and sufficient levy of his writ upon the property, and that Flanagan was without right to dispossess that custodian, assume control of the property, and put another in charge of it. What he did was wrongful and illegal, and gave him no such right as will enable him to maintain replevin.
The court so found, directed the jury to find a verdict for the appellee Newman, and since this conclusion entirely accords with our views of the case, the judgment entered upon that direction will be affirmed.

Affirmed.